UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-79 (BAH) |
| | : | |
| KEVIN JAMES LYONS, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' SECOND UNOPPOSED MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America hereby moves this Court for a 60-day continuance of the above-captioned proceeding from the date this Court enters an Order on this motion through and including the date of the next hearing, and further to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the Government states as follows:

**FACTUAL BACKGROUND**

Defendant is charged in a three-count information with violations of 18 U.S.C. § 1752(a) and 40 U.S.C. § 5104(e)(2)(C) and (D) that occurred at the United States Capitol on January 6, 2021. As this Court well knows, the investigation and prosecution of the attack on the U.S. Capitol (hereinafter the Capitol Attack) on January 6, 2021, will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence. Since the Government last moved for a continuance, over 100 new individuals have been charged in connection with the Capitol Attack. The Government has executed at least an additional 500 search warrants across the country. And the Government has accumulated more

documents and evidence, including: (a) more than 15,000 hours of surveillance and body-worn camera footage from multiple law enforcement agencies; (b) approximately 2,000 electronic devices; (c) the results of hundreds of searches of electronic communication providers; (d) over 237,000 tips, of which a substantial portion include video, photo and social media; and (e) over 75,000 reports and 93,000 attachments related to law enforcement interviews of suspects and witnesses and other investigative steps. This investigation continues and the Government expects that additional individuals will be charged. As the Capitol Attack investigation is still on-going, the number of charged defendants and the volume of potentially discoverable materials will only continue to grow. In short, even in cases involving a single defendant, the volume of discoverable materials is likely to be significant.

Moreover, the Government continues to develop a system for storing and searching, producing and/or making available voluminous materials accumulated, and ensuring that such system will be workable for both the government and defense. The Government is in the process of selecting a vendor that will create and manage a document review database that will facilitate the discovery review process. The Government is already processing materials in a way that renders them database-ready to minimize the amount of time it will take to upload materials into the database, once it is ready. However, as this is a novel (but necessary) process that will require more time to develop and implement, including further consultation with the Federal Public Defender.

The United States is aware of and takes seriously its obligations pursuant to Federal Rule of Criminal Procedure 16 and Local Criminal Rule 5.1(a), the provisions of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 153-54 (1972), and the Jencks Act,

18 U.S.C. § 3500. In this case, the Government has already provided defense counsel with approximately 112 items of preliminary discovery, including criminal history records, a social media search warrant, search warrant affidavits for defendant's house, person, and vehicles, reports of interviews, photographs, videos, search warrant returns, search warrant logs, social media screenshots, the complaint, arrest warrant and statement of facts. This discovery has not yet been processed or Bates-stamped, but the Government has provided it to ensure that defense counsel has access to the materials the government views, at this preliminary stage, as among the most relevant to Defendant's case.

The Government also has continued to investigate Defendant's conduct while inside and outside of the U.S. Capitol and is presently considering whether additional charges should be brought. This consideration has not allowed the parties to yet engage in plea negotiations, however, the Government anticipates resolution of this issue in the very near future and the commencement of plea negotiations to follow. Moreover, the Government extended an invitation to defense counsel to tour the U.S. Capitol. The Government understands that counsel wishes to tour the crime scene, but he has had trouble scheduling his attendance and may have to wait until a new schedule becomes available.

**ARGUMENT**

Pursuant to the Speedy Trial Act, in any case in which a plea of not guilty is entered, a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv)  Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing*

4

§3161(h)(7)(B)(ii), (B)(iv)).

An interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As described above, the Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice. Moreover, the investigation is reactive and ongoing; the Government is continually receiving massive quantities of new discovery, which it must continue to sift through while it reviews, processes, and produces its existing discovery. Developing a system for storing and searching, producing and/or making available voluminous materials accumulated across hundreds of investigations, and ensuring that such system will be workable for both the Government and defense, will take time. Even after a system generally agreeable to the Government and the Federal Public Defender is designed and implemented, likely through the use of outside vendors, it will take time to load, process, search and review discovery materials.

The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part

5

because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019) (upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts").

In sum, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial.

Finally, the ongoing COVID-19 public health crisis further demonstrates that a continuance serves the ends of justice. On March 5, 2021, this Court issued Standing Order No. 21-10, which allows for a "limited" resumption of criminal jury trials under "stringent restrictions" required to protect the public health. *See In Re: Limited Resumption of Criminal Jury Trials in Light of Current Circumstances Relating to the COVID-19 Pandemic*, Standing Order No. 21-10 (BAH).

Standing Order 21-10 addresses the need to exclude time under the Speedy Trial Act because of these COVID-19-related restrictions. This Court noted that the time from March 17,

2020 through March 15, 2021 had already been excluded under the Speedy Trial Act in all criminal cases. *Id.* at 5. This Court stated that while it anticipates a limited resumption of criminal trials, the plan permits "no more than one jury selection" to take place on "a given day, and no more than three trials . . . will take place within the courthouse at one time" before August 31, 2021. *Id.* at 4-5. The Court therefore plans to prioritize trials based on factors such as length of detention, whether witnesses would be required to travel from out of town, and previously established trial dates. *Id.* at 4. Finally, noting the then-current statistics regarding COVID-19 case counts and other findings relating to the health and safety measures in this District that impact the ability of the Court to re-open safely for criminal trials, this Court found that "for those cases that cannot be tried consistent with" the "health and safety protocols and limitations" set out by the Court's continuity of operations and master trial plans described above, the "additional time period from March 15, 2021 through August 31, 2021" will be "excluded under the Speedy Trial Act as the ends of justice served by the continuances to protect public health and safety and the fair trial rights of a defendant outweigh the best interest of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3151(h)(7)(A)." *Id.*

Consistent with that Standing Order, this Court has an additional reason to exclude time for 60 days. Defendant is not detained and resides in Illinois. No trial date has been set. Under the prioritization factors the Standing Order articulates, he likely cannot receive a trial date in the near term, given the capacity limitations described in the Standing Order, which this Court has found are required to protect public health and safety. The Court should therefore exclude the period from the date this Court enters an Order on this motion through and including the date of the next hearing based on Standing Order 21-10's findings that (1) failing to follow the health and

7

safety protocols set forth in the order, which limit the number of jury trials, would endanger public health and safety, and (2) that the ends of justice served by a continuance to protect public health and safety and the fair trial rights of a defendant outweigh the best interest of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

Government counsel notified the defense of the filing of this motion, and counsel consents to the motion.

WHEREFORE, the Government respectfully requests that this Court grant the motion for a 60-day continuance of the above-captioned proceeding from the date this Court enters an Order on this motion through and including the date of the next hearing, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793


By: /s/ Monica A. Stump
Monica A. Stump
Assistant United States Attorney
PA Bar Number 90168
District of Columbia
Capitol Riot Detailee
555 4th Street, NW,
Washington, D.C. 20530
Telephone No. (618) 622-3860
monica.stump@usdoj.gov