UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 21-cr-79 (BAH) |
| : | |
| KEVIN JAMES LYONS, : | |
| : | |
| Defendant. : | |

**ORDER**

Based upon the representations in the United States' Second Unopposed Motion to Continue and to Exclude Time Under the Speedy Trial Act, and upon consideration of the entire record, the Court makes the following findings:

Defendant is charged is charged in a three-count information with violations of 18 U.S.C. § 1752(a) and 40 U.S.C. § 5104(e)(2)(C) and (D) that occurred at the United States Capitol on January 6, 2021. The investigation and prosecution of the attack on the U.S. Capitol (hereinafter the Capitol Attack) on January 6, 2021, will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence. Since the Government last moved for a continuance, over 100 new individuals have been charged in connection with the Capitol Attack. The Government has executed at least an additional 500 search warrants across the country. And the Government has accumulated more documents and evidence, including: (a) more than 15,000 hours of surveillance and body-worn camera footage from multiple law enforcement agencies; (b) approximately 2,000 electronic devices; (c) the results of hundreds of searches of electronic communication providers; (d) over 237,000 tips, of which a substantial portion include video, photo and social media; and (e) over 75,000 reports and 93,000 attachments related to law enforcement interviews of suspects and witnesses and other

investigative steps. This investigation continues and the government expects that additional individuals will be charged. As the Capitol Attack investigation is still on-going, the number of defendants charged and the volume of potentially discoverable materials will only continue to grow. In short, even in cases involving a single defendant, the volume of discoverable materials is likely to be significant.

Moreover, the Government continues to develop a system for storing and searching, producing and/or making available voluminous materials accumulated, and ensuring that such system will be workable for both the government and defense. The Government is in the process of selecting a vendor that will create and manage a document review database that will facilitate this discovery review process. The Government is already processing materials in a way that renders them database-ready to minimize the amount of time that it will take to upload discovery materials into a conforming format in the database, once it is ready. This latter portion of the plan will require more time to develop and implement, including further consultation with the Federal Public Defender.

The Government also has continued to investigate Defendant's conduct while inside and outside of the U.S. Capitol and is presently considering whether additional charges should be brought. Defense counsel also wishes to take a tour of the U.S. Capitol tour, but he has had trouble scheduling his attendance and may have to wait until a new schedule becomes available.

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As described above, the Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice. Developing a system for storing and searching, producing and/or making available

voluminous materials accumulated across hundreds of investigations, and ensuring that such system will be workable for both the government and defense, will take time. Even after a system generally agreeable to the government and the Federal Public Defender is designed and implemented, likely through the use of outside vendors, it will take time to load, process, search and review discovery materials.

In sum, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of potentially discovery materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

Moreover, as set forth in this Court's Standing Order No. 21-10, the ongoing Coronavirus Disease 2019 (COVID-19) pandemic has also led to a variety of delays in the resumption of criminal trials in this District. *See In Re: Limited Resumption of Criminal Jury Trials in Light of Current Circumstances Relating to the COVID-19 Pandemic*, Standing Order No. 21-10 (BAH) (Mar. 5, 2021). Based on the findings in that Standing Order, which are incorporated herein, at least until August 31, 2021, no more than three trials can proceed in this District at any given time. The trials that will be prioritized are those in which defendants have been detained, that had standing trial dates before the pandemic, or that involve few witnesses who need to travel from out-of-town. It is not possible, considering the health and safety measures outlined in Standing

Order No. 21-10, for this case, involving an out-of-custody Defendant to proceed to trial in the next 60 days.

Therefore, it is this \_\_\_\_ day of _____, 2021,

**ORDERED** that the United States' Second Unopposed Motion to Continue and to Exclude Time Under the Speedy Trial Act, is hereby GRANTED; it is further

**ORDERED** that this proceeding is continued to _____, 2021, at _____; and it is further

**ORDERED** that the time period from the date of this Order through and including the date of the next hearing is hereby excluded from the computation of time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.

_____
THE HONORABLE BERYL A. HOWELL
CHIEF UNITED STATES DISTRICT JUDGE