

U.S. Department of Justice

CHANNING D. PHILLIPS
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

July 30, 2021

**VIA EMAIL**

Lawrence Wolf Levin
Law Office of Lawrence Wolf Levin

    Re:   *United States v. Lyons*
          Case No. 21-cr-79-BAH
          Discovery Letter No. 5

Dear Mr. Levin:

     This is to memorialize the following preliminary discovery sent you on **July 30, 2021,** via USAFX which contained the following materials:

     Transcript of J. Horan and Exhibits 2-16, including 7A and 7B, 8A and 8B, 14A and 14B HIGHLY SENSITIVE
     Serial 34 List sent for discovery
     Serial 35 Redacted: Tipster report
     Serial 36 and 36_1A_13_01: report and picture of cash located
     Serial 37: Report on forensics
     Serial 38_1A_19_01 through 03 and 20_01 Redacted: Photographs of Lyons with framed photograph
     Serial 39: Report explaining acquisition of police report
     Serial 40 and 40_1A_15_01: Report on forensics
     Serial 41 and 41_1A_16_01: Report on forensics
     Serials 42-44: Reports for refiling case number, acquisition of police report, and indictment
     Serial 44_1A_19_01, 20_01: Copy of indictment and receipt of indictment
     Serial 46 Redacted and 46_1A_21_01 Redacted and 21_02: report of interview of stolen wallet
     Serial 47 Redacted and 47_1A_22_01 Redacted and 22_02: report of interview of stolen framed photograph

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

This material is subject to the terms of the Protective Order issued in this case.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact me.

Sincerely,

/s/ *Monica A. Stump*
Monica A. Stump
Assistant United States Attorney

Enclosure(s)