UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Criminal No. 21-CR-79 (BAH) |
| : | |
| KEVIN JAMES LYONS, : | |
| : | |
| **Defendant.** : | |

### JOINT MOTION TO CONTINUE SEPTEMBER 30, 2021 STATUS HEARING AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America and Defendant, Kevin James Lyons, through Counsel, Lawrence Wolf Levin, hereby jointly move this Court for a 60-day continuance of the status conference set for September 30, 2021, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the parties provide as follows:

#### FACTUAL BACKGROUND

Defendant is charged by indictment with violations of 18 U.S.C. §§ 2, 1512(c)(2), 1752(a)(1) and (a)(2), and 40 U.S.C. §§ 5104(e)(2)(C), (D), and (G) that occurred at the United States Capitol on January 6, 2021.  The parties seek a continuance for the following reasons:  (1) the parties continue to attempt to resolve this matter without a trial, however, more time is needed to discuss the case and plea offer; and (2) the United States continues to provide individualized discovery to Defendant as well as discovery generated from other sources.

Since our last status conference, the United States has worked with counsel for Defendant to attempt to resolve this matter.  The Government has tendered a formal, written offer; however,

defense counsel needs additional time to discuss the offer with his client and with government counsel.  The United States also continues to provide discovery as it becomes available.

As this Court well knows, the investigation and prosecution of the attack on the U.S. Capitol (hereinafter the Capitol Attack), will likely be one of the largest in American history.  This investigation continues and the Government expects that additional individuals will be charged.  As the Capitol Attack investigation is still on-going, the number of charged defendants and the volume of potentially discoverable materials will only continue to grow.  Nevertheless, the United States is aware of and takes seriously its obligations pursuant to Federal Rule of Criminal Procedure 16 and Local Criminal Rule 5.1(a), the provisions of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 153-54 (1972), and the Jencks Act, 18 U.S.C. § 3500.  Here, the Government already has disclosed nearly all discovery most directly relevant to Mr. Lyons.  As new materials come to light, the Government continues to provide them.  The Government also anticipates additional evidence coming to light from other charged defendants' devices, social media accounts, and other sources which have not yet been identified or examined.

**ARGUMENT**

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence.  As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  This provision further requires the Court to set forth its reasons for

finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As described above, the Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice. Moreover, the investigation is reactive and ongoing. The need for reasonable time to

organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). The parties also remain engaged in plea negotiations and request additional time to resolve those discussions. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial.

On September 23, 2021, the parties conferred on the case status and agreed that a 60-day continuance of the Status Hearing for September 30 would assist in reviewing and discussing the formal plea offer and the discovery. The parties also agreed to toll the Speedy Trial Act from the date this Court enters an Order on this motion through and including the date of the Status Hearing. The parties further request that the Court conduct the next Status Hearing via videoconference.

Accordingly, the parties respectfully request that this Court grant the motion to continue the Status Hearing set for September 30 for an additional 60 days from the date this Court enters an Order on this motion through and including the date of the next hearing, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest

of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

                                                Respectfully submitted,

                                                _____/s/_____
                                                Lawrence Wolf Levin
                                                214 W. Ohio Street, #5
                                                Chicago, IL 60654
                                                Telephone No. (312) 236-7543
                                                lwlwolflaw@gmail.com

                                                and

                                                CHANNING D. PHILLIPS
                                                Acting United States Attorney
                                                DC Bar No. 415793


                                         By: /s/ Monica A. Stump
                                                Monica A. Stump
                                                Assistant United States Attorney
                                                PA Bar Number 90168
                                                District of Columbia
                                                Capitol Riot Detailee
                                                Nine Executive Drive
                                                Fairview Heights, Illinois 62208
                                                Telephone No. (618) 622-3860
                                                monica.stump@usdoj.gov