UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 21-79 (BAH) |
| v. | Judge Beryl A. Howell |
| KEVIN JAMES LYONS, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Kevin James Lyons faces a stipulated trial on April 7, 2023, on charges of one felony and five misdemeanors stemming from his alleged conduct at the U.S. Capitol on January 6, 2021. Defendant has moved pre-trial to dismiss the single felony charge in Count Six accusing defendant of "corruptly obstruct[ing], influenc[ing], and imped[ing] an official proceeding," specifically, "Congress's certification of the Electoral College vote," in violation of 18 U.S.C. § 1512(c)(2). Def.'s Mot. Dismiss Count Six ("Def.'s Mot."), ECF No. 64. For the sound and persuasive reasons already articulated by fourteen Judges on this Court in rejecting similar motions by other defendants charged in connection with conduct at the U.S. Capitol on January 6, 2021, this motion is denied.

**I.      DISCUSSION**

Defendant's motion to dismiss advances three primary arguments. Defendant argues first that the indictment fails to allege conduct that violates Section 1512(c); second, that the certification of the Electoral College vote does not constitute an "official proceeding;" and, third, that Section 1512(c)'s use of the word "corruptly" is unconstitutionally vague. *See generally* Def.'s Mot. All three arguments are unavailing.

1

Defendant first argues that Section 1512(c)(2) only criminalizes conduct that takes some "action with respect to a document, record, or other object in order to corruptly obstruct, impede, or influence Congress's certification of the electoral vote." Def.'s Mot. at 2 (quoting *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022)). This argument is rooted in the holding of *United States v. Miller*, currently pending on appeal before the D.C. Circuit, which interpreted Section 1512(c)(1)'s express coverage of only obstructive conduct with a nexus to a "record, document, or other object" as similarly limiting the scope of Section 1512(c)(2). *See Miller*, 589 F. Supp. 3d at 67–79. [1] This Court has repeatedly sided with nearly every other Judge in the District to reject this reading of the statute, providing extensive explanations in oral rulings and memoranda opinions. *See United States v. Gillespie,* Mem. Op. & Order at 9–10, Case No. 22-cr-60 (BAH), ECF No. 42; *United States v. Bender*, Mem. & Order, Case No. 21-cr-508 (BAH), ECF No. 79; *United States v. Williams*, Case No. 21-cr-377 (BAH), Pretrial Conf. Tr. at 68–114, ECF No. 118 (D.D.C. June 10, 2022); *United States v. Bledsoe*, Case No. 21-cr-204 (BAH), Oral Ruling (D.D.C. July 15, 2022); *United States v. Herrera*, Case No. 21-cr-619 (BAH), Oral Ruling (D.D.C. Aug. 15, 2022). Defendant offers no reason to depart from this Court's prior rulings. Indeed, defendant declined to submit additional briefing or authority in support of his arguments in reply to the government's opposition.

Next, defendant contends that Congress's certification of the Electoral College vote on January 6, 2021, was not an "official proceeding," as this term is used in Section 1512(c). Pointing to the language of the statute, defendant argues this text only refers to "tribunal-like

---

[1] Defendant also cites a June 8, 2018-dated memorandum he describes as drafted by "the Department of Justice's own Attorney General" William Barr, Def.'s Mot. at 3–5 (quoting Memorandum from William Barr to Rod Rosenstein, Deputy Att'y Gen., Dep't of Justice (June 8, 2018), available at https://s3.documentcloud.org/documents/5638848/June-2018-Barr-Memo-to-DOJ-Muellers-Obstruction.pdf), but as other Judges have noted, Barr drafted this memorandum before he was appointed to serve as Attorney General in the Trump Administration. "[A]ny suggestion that the memorandum represents the views of the Department of Justice is inaccurate," *United States v. Montgomery*, 578 F. Supp. 3d 54, 69 n.3 (D.D.C. 2021).

proceedings relating to adjudication, deliberation, and the administration of justice"—not a "political performance" like the certification. Def.'s Mot. at 8, 11.[2] As the government notes, the statute expressly defines "official proceeding" to include, *inter alia*, "a proceeding before the Congress." 18 U.S.C. § 1515(a)(1)(B). *See* Gov't's Opp'n at 26, ECF No. 65. The certification of the Electoral College vote—a highly ceremonial joint convening mandated by the Constitution—was clearly a proceeding. *See United States v. Caldwell*, 581 F. Supp. 3d 1, 11 (D.D.C. 2021) (Mehta, J.) (citing *Proceeding*, BLACK'S LAW DICTIONARY (8th ed. 2004) (defining the term to mean, among other things, "[t]he business conducted by a court *or other official body*" (emphasis added))). The Joint Session bore all the markings of an official body conducting its business in a format similar to a hearing. As Judge Friedrich aptly summarized, "[t]here is a presiding officer, a process by which objections can be heard, debated, and ruled upon, and a decision—the certification of the results—that must be reached before the session can be adjourned." *United States v. Sandlin*, 575 F. Supp. 3d 16, 23 (D.D.C. 2021). In line with the unanimous view of every other Judge on this Court to consider the argument, this Court declines to adopt the defendant's argument that the proceeding must be adjudicative or "tribune-like," Def.'s Mot. at 11, in nature—an argument undermined by the clear text of 18 U.S.C. § 1515(a)(1)(B). *See Bates v. United States*, 522 U.S. 23, 29 (1997) ("[W]e ordinarily resist reading words or elements into a statute that do not appear on its face."); *Miller*, 589 F. Supp. 3d at 67 ("[C]ontext matters, and it makes little if any sense, in the context here, to read 'a proceeding before Congress' as invoking only the judicial sense of the 'proceeding.' After all,

---

[2] In so arguing, defendant cites *United States v. Guertin*, 581 F. Supp. 3d 90 (D.D.C. 2022), which held that the security-clearance process for a Department of State employee was not a "proceeding before a Federal Government agency," under 18 U.S.C. § 1515(a)(1)(C), because such a proceeding "must resemble a formal tribunal." *Id.* at 98. *Guertin* is entirely inapposite to the interpretation of the meaning of "a proceeding before the Congress" under 18 U.S.C. § 1515(a)(1)(B), for reasons persuasively and thoroughly discussed, and adopted here, in *United States v. Grider*, 585 F. Supp. 3d 21, 29 (D.D.C. 2022) (Kollar-Kotelly, J.) (distinguishing *Guertin*).

the only proceedings of even a quasi-judicial nature before Congress are impeachment proceedings.")

Third, defendant's contention that Section 1512(c)(2)'s requirement that a defendant acted "corruptly" is unconstitutionally vague also fails. He repeats other defendants' arguments before this Court that the logic of *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991), requires holding that "corruptly" is vague—an argument that has been thoroughly rejected by this Court in other cases. *See, e.g.*, *DeCarlo*, Case No. 21-cr-73 (BAH), Mot. Hr'g Tr. at 39–48, ECF No. 66 (D.D.C. Jan. 21, 2022); *Williams*, ECF No. 118 at 89–103 (holding that, "given the textual difference of Section 1512(c)(2) taking on the intransitive meaning, the concern about the transitive reading of 'corruptly' undergirding the court's decision in *Poindexter* has no bearing on a prosecution brought today under Section 1512(c)(2)").

As to defendant's additional argument that "corruptly" is vague because Judges on this Court have not agreed on the exact contours of the definition of the word or "arrive[d] at their conclusion the same way," he misunderstands the high bar he must clear. Def.'s Mot. at 15. Defendant points to a number of cases decided in this Court in which Judges have discussed whether the term "corruptly" encompasses only conduct undertaken with unlawful means, or whether lawful means infected with unlawful purpose suffice. *See, e.g., Sandlin*, 575 F. Supp. 3d at 33–34 (noting that cases involving lawful means "present closer questions" but holding that the defendant used "obvious criminal means," falling within the scope of "corruptly"); *United States v. Nordean*, 579 F. Supp. 3d 28, 50 (D.D.C. 2021) (noting that "the Court need not wade into Section 1512(c)'s application to corrupt purposes" where criminal means are present). Def.'s Mot. at 15–17. These cases—all recognizing that "corruptly" may present difficult questions where a defendant obstructs an official proceeding via lawful means—do not

contradict each other.  In any case, nuanced differences in reasoning among jurists would not suffice to render a term vague.  A statute is only unconstitutionally vague if "applying the rules for interpreting legal texts, its meaning specifies no standard of conduct at all."  *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017) (cleaned up).  Defendant concedes that Judges on this Court have all agreed that "'corruptly' requires proof of intent to obstruct an official proceeding, and that there must be some nexus, a relationship in time, causation, or logic, between the defendant's actions and the official proceeding in question."  Def.'s Mot. at 15.  To the extent that along with these uniform holdings, some non-uniform dicta has been offered on the outer contours of the applications of "corruptly" simply does not render the statute unconstitutionally vague.

      Finally, defendant generally argues that the rule of lenity should result in dismissal of Count Six, because Congress did not set out "in language that is clear and definite" whether the conduct at issue violates Section 1512(c)(2).  Def.'s Mot. at 18 (quoting *Yates v. United States*, 574 U.S. 528, 547–48 (2015)).  The rule of lenity, however, "only applies if, after considering text, structure, history, and purpose, there remains a 'grievous ambiguity or uncertainty in the statute,' . . . such that the Court must simply guess as to what Congress intended."  *Barber v. Thomas*, 560 U.S. 474, 488 (2010) (quotation marks omitted) (quoting *Muscarello v. United States*, 524 U.S. 125, 139 (1998)); *see also Shular v. United States*, 140 S. Ct. 779, 787 (2020) (rule of lenity applies only after court has applied the traditional tools of statutory construction and it is "left with an ambiguous statute"); *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 45 F.4th 306, 322 (D.C. Cir. 2022) ("It is only where the Court has exhausted 'everything from which aid can be derived' that lenity plays a role." (quoting *Muscarello*, 524 U.S. at 138)).  The rule of lenity simply does not apply in this instance, as the language in Section 1512(c)(2) is unambiguous.  *Accord United States v. Williams*, Case No. 21-cr-618 (ABJ), 2022 WL 2237301, *11 n.9 (D.D.C. June 22, 2022).

## II.    ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion to Dismiss Count Six, ECF No. 64, is **DENIED.**

**SO ORDERED.**

Date: April 4, 2023

_____
BERYL A. HOWELL
U.S. District Court Judge