UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 21 CR 79 - BAH |
| ) | CHIEF JUDGE BERYL A. HOWELL |
| KEVIN JAMES LYONS ) | |

### DEFENDANT'S PRELIMINARY SENTENCING GUIDELINES CALCULATIONS

Pursuant to the Court's April 2, 2023, Minute Order, below is Mr. Lyons' preliminary calculation of the sentencing guidelines and ranges applicable to each count in the indictment.[1] Mr. Lyons was charged in a six-count indictment with five misdemeanors and one felony, as delineated below.[2]

Mr. Lyons understands that the sentence in this case will be determined by the Court after it reviews Probation's presentence investigation report, the parties' sentencing submissions, and the parties' oral arguments at a sentencing hearing. Mr. Lyons also understands that in determining a sentence, the Court will look to the factors set forth in 18 U.S.C. 3553(a), which includes consideration of the United States Sentencing Guidelines.

I. **Guidelines Calculations and Statutory Maximums**

Below is Mr. Lyons' preliminary calculation of the applicable guidelines in this case. Mr. Lyons has not included the rational for and arguments behind each of the calculations below, but will do so in connection with Probation's presentence investigation and sentencing proceeding.

A. **Count 1**

Mr. Lyons was charted in Count 1 with Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. 1752(a)(1). Count 1 is a Class A Misdemeanor. The maximum statutory

---

[1] These calculations are preliminary in nature. Mr. Lyons reserves the right to modify his position on the applicability of certain guidelines as well as his calculation of the applicable guidelines ranges prior to sentencing.
[2] *See* R.23.

1

penalty for a violation of Count 1 is a fine under Title 18 and imprisonment for not more than one year.  *See* 18 U.S.C. 1752(b).

The applicable guidelines calculations for Count 1 are as follows:

| | | |
|---|---|---|
| U.S.S.G. §2B2.3(a) | Base Offense Level | 4 |
| U.S.S.G. §2B2.3(b)(1)(A)(vii) | Restricted Building or Grounds | +2 |
| Total Offense Level: | | 6 |

**B.     Count 2**

Mr. Lyons was charged in Count 2 with Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C 1752(a)(2).  Count 2 is a Class A Misdemeanor and the maximum statutory penalty for a violation of Count 2 is a fine under Title 18 and imprisonment for not more than one year.  *See* 18 U.S.C. 1752(b).

| | | |
|---|---|---|
| U.S.S.G. §2B2.3(a) | Base Offense Level | 4 |
| U.S.S.G. §2B2.3(b)(1)(A)(vii) | Restricted Building or Grounds | +2 |
| Total Offense Level: | | 6 |

**C.     Counts 3-5**

Mr. Lyons was charged in Counts 3, 4, and 5 with:

- Entering and Remaining in Certain Rooms in the Capital Building, in violation of 40 U.S.C. 5104(e)(2)(C).
- Disorderly Conduct at the Grounds and in a Capitol Building, in violation of 40 U.S.C. 5104(e)(2)(D).
- Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. 5104(e)(2)(G).

All three of these offenses are Class B Misdemeanors and therefore, the sentencing guidelines do not apply to them.  *See* 1B1.9.  The statutory maximum sentence applicable to Counts 3-5 is a fine under Title 18 and period of imprisonment of not more than six months'.  *See* 18 U.S.C. 5109(b).

**D.     Count 6**

Mr. Lyons was charged in Count 6 with Obstruction of an Official Proceeding, in violation

of 18 U.S.C. 1512(c)(2) and (2).  Count 6 is a Felony.  The maximum penalty for a violation of Count 6 is 20 years imprisonment, a fine of up to $250,000, and a period of supervise release of not more than three years.  *See* 18 U.S.C. 1512(c), 3571, 3583.

| U.S.S.G. §2J1.2(a) | Base Offense Level | <u>14</u> |
|---|---|---|
| | Total Offense Level: | 14 |

## II. <u>Grouping</u>

Pursuant to §3D1.2, Counts 1, 2, and 6 group.  Pursuant to §3D1.3(a), the offense level applicable to the group is the offense level applicable to the most serious of the counts comprising the group.  Therefore, the offense level applicable to the group is 14.  Pursuant to §3D1.4, there is no increase in the combined offense level.  Therefore, the combined offense level for Counts 1, 2, and 6 is 14.

## III. <u>Acceptance of Responsibility</u>

Mr. Lyons has clearly demonstrated acceptance of responsibility for his offense and therefore, pursuant to U.S.S.G. §3E1.1(a), a 2-level reduction for acceptance of responsibility is appropriate.  Therefore, Mr. Lyons' combined offense level is 12.

Additionally, if the Court determines that Mr. Lyons' offense level is 16 or greater prior to the applicable 2-point reduction pursuant to section (a), then Mr. Lyons' should receive an additional 1-point reduction, pursuant to §3E1.1(b).

## IV. <u>Criminal History</u>

Mr. Lyons has no criminal history.  Therefore, Mr. Lyons has zero criminal history points and his anticipated Criminal History Category is I.

V. **Preliminary Applicable Guidelines Range**

Based on a combined offense level of 12 and a criminal history category I, Mr. Lyons' preliminary Guidelines Range is 10-16 months' imprisonment.

Respectfully Submitted,

By: s/ Lawrence Wolf Levin
Counsel for Kevin Lyons
Law Offices of Lawrence Wolf Levin
214 W. Ohio Street, 5th Floor
Chicago, Illinois 60654
(312) 236-7543
lwlwolflaw@gmail.com
