UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                             ) | No. 21 CR 79 - BAH |
| ) | CHIEF JUDGE BERYL A. HOWELL |
| KEVIN JAMES LYONS                 ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES the defendant, KEVIN JAMES LYONS, by and through his attorney, Lawrence Wolf Levin, and respectfully submits the defendant's sentencing memorandum. As set forth below and in the defendant's objections to the PSR (*see* R. 85), the defendant disagrees with Probation's calculation of an applicable advisory guidelines range of 24-30 months. PSR at 103. Specifically, consistent with the defendant's previous submission to the Court (*see* R. 76), it is the defendant's position that the applicable advisory guidelines range is 10-16 months' imprisonment, which is based on a total offense level of 12 and a criminal history category I. Additionally, the defendant objects to any contemplated sua sponte upward departure from the applicable guidelines range by the Court under U.S.S.G. 5K2.5. Finally, pursuant to U.S.S.G. 5C1.1(d), the defendant respectfully requests that the Court impose a within-guideline sentence of 5 months' in custody followed by a term of supervised release with a condition requiring 5 months of home detention – a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing. *See* 5C1.1 n.5(B); 18 U.S.C. § 3553(a).

### I.    Guidelines Calculations and Applicable Advisory Guidelines Range

Mr. Lyons was convicted, after a stipulated bench trial, of 6 counts of a Superseding Indictment - five misdemeanors and one felony.[1] As set forth below, it is the defendant's position

---

[1] *See* R.23. Mr. Lyons was charged in Count 1 with Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. 1752(a)(1). Count 1 is a Class A Misdemeanor. Mr. Lyons was charged in Count 2 with Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C 1752(a)(2). Count 2 is a Class A Misdemeanor. Mr. Lyons was charged in Counts 3, 4, and 5 with: Entering and Remaining in Certain Rooms in the

that the total offense level applicable to the counts of conviction is 12, which, when combined with a criminal history category I, results in an advisory guidelines range of 10-16 months' in prison.

As an initial matter, the defendant agrees with Probation that the Sentencing Guidelines do not apply to Counts 3, 4, or 5 because they are Class B misdemeanors. PSR at 47. The defendant also agrees with Probation that Counts 1, 2 and 6 are grouped pursuant to U.S.S.G. 3D1.2, and the offense level applicable to the Group is the offense level applicable to Count 6 - the most serious of the counts comprising the group. PSR at 48-49.

While the defendant agrees with Probation that the base offense level applicable to Count 6, and therefore the Group, is 14, pursuant to §2J1.2(a), it is the defendant's position, that the total offense level applicable to Count 6, and therefore the Group, is a level 12.[2] PSR at 50. Specifically, the defendant objects to a 3-level enhancement under §2J1.2(b)(2) because the offense did not result in a substantial interference with the administration of justice. PSR at 51. Additionally, the defendant objects to not receiving a reduction for acceptance of responsibility under section 3E1.1.

A.  <u>The Offense did not Result in Substantial Interference with the Administration of Justice.</u>

Under section 2J1.2, a 3-point enhancement to the base offense level is appropriate where the offense resulted in substantial interference with the administration of justice. Pursuant to 2J1.2 n.1, "Substantial interference with the administration of justice" includes "a premature or improper termination of a felony investigation; an indictment, verdict, or any judicial determination based upon perjury, false testimony, or other false evidence; or the unnecessary expenditure of substantial governmental or court resources."

---

Capital Building, in violation of 40 U.S.C. 5104(e)(2)(C); Disorderly Conduct at the Grounds and in a Capitol Building, in violation of 40 U.S.C. 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. 5104(e)(2)(G). Counts 3, 4, and 5 are Class B Misdemeanors. Mr. Lyons was charged in Count 6 with Obstruction of an Official Proceeding, in violation of 18 U.S.C. 1512(c)(2) and (2). Count 6 is a Felony.
[2] The defendant also agrees with Probation that an enhancement under section 2J1.2(b)(1)(B) is inappropriate because the defendant did not cause or threaten to cause physical injury to a person, or property damage, in order to obstruct the administration of justice.  *See* R. 86 at 24 (Addendum to the PSR); 2J1.2(b)(1)(B) & n. 5.

Guideline 2J1.2 is titled "Obstruction of Justice," and the base offense level of 14 under 2J1.2(a) already accounts for the defendant's obstructive conduct at issue in this case. Therefore, in determining whether to apply the 3-level enhancement under subsection (b)(2), the question is whether the defendant's conduct constituted "substantial interference." The definition of "substantial interference" is set forth in Note 1 of 2J1.2 and is not applicable to the offence characteristics present in the defendant's case. Specifically, the defendant's conduct did not prematurely or improperly terminate a felony investigation; did not result in an indictment, verdict, or any judicial determination based upon perjury, false testimony, or other false evidence; and did not result in the unnecessary expenditure of substantial governmental or court resources beyond those involved in investigating and prosecuting the offense of conviction – which does not rise to the level of "substantial interference" under the Guidelines.

Additionally, while the defendant's conduct did obstruct the administration of justice, namely, it interfered with and delayed scheduled Congressional proceedings, the Congressional proceedings at issue resumed at approximately 8pm the same evening after the building had been secured. PSR at 18. Therefore, while the administration of justice was delayed – it was not substantially interfered with as contemplated by the enhancement enumerated in 2J1.2(b)(2).

B. <u>Defendant is Entitled to a Reduction for Acceptance of Responsibility.</u>

Mr. Lyons has clearly demonstrated acceptance of responsibility and therefore, pursuant to U.S.S.G. §3E1.1(a), a 2-level reduction for acceptance of responsibility is appropriate. As an initial matter, as the defendant has truthfully admitted the conduct comprising the offense of conviction, it is the defendant's understanding that the government also agrees that a reduction for acceptance of responsibility is appropriate.

Mr. Lyons has been cooperative with the government since his arrest in the instant case and timely accepted responsibility for his actions. During the stipulated bench trial, he voluntarily

entered into an agreed statement of facts in which he truthfully admitted to the offense conduct and did not object to a single exhibit offered into evidence by the government. The defendant elected for a stipulated bench trial to preserve a legal issue on appeal that does not relate to factual guilt – specifically, to challenge the applicability of a statute to his conduct. At no time did the defendant put the government to its burden of proof at trial by denying the essential factual elements of guilt. This is precisely the situation where acceptance of responsibility is contemplated by the Guidelines despite exercising the defendant's constitutional right to a trial. *See* 3E1.1, n.2.

It is the defendant's position that the total offense level for the Group is 14 and therefore, the defendant should receive a 2-point reduction for acceptance under 3E1.1(a). However, if the Court disagrees with the defendant's offense level calculation and determines that his offense level is 16 or greater prior to the applicable 2-point reduction pursuant to section (a), then the defendant should receive an additional 1-point reduction, pursuant to §3E1.1(b).

C. <u>An Upward Departure Under U.S.S.G. 5K2.5 is Unwarranted.</u>

Pursuant to U.S.S.G. 5K2.0(a)(1), the sentencing court may depart upwardly from the applicable guideline range under Chapter Five of the guidelines if the departure is based on facts "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. 3553(a)(2), should result in a sentence different from that described." *See* 5K2.0(a)(1); 18 U.S.C. 3553(b)(1).

Pursuant to U.S.S.G. 5K2.5, if the offense caused property damage or loss not taken into account within the guidelines, the court may increase the sentence above the guideline range, but "the extent of the increase ordinarily should depend on the extent to which the harm was intended or knowingly risked and on the extent to which the harm to property is more serious than other harm caused by or risked by the conduct relevant to the offense of conviction."

4

Here, as set forth in the agreed statement of facts, after entering the Capital building, the defendant stole a photograph belonging to the Speaker of House as well as a wallet located inside a jacket pocket from her office. While the defendant does not deny that he took these items, this type of property loss is not the type of property loss contemplated by the Commission in applying an upward departure under Section 5K2.5. Specifically, stealing a photograph and a wallet while obstructing the administration of justice does not take this case "outside the Guidelines' 'heartland' and make of it a special, or unusual case . . . ." *Koon v. United States,* 518 U.S. 81, 95 (1996) (internal citation omitted); *see c.f., U.S. v. Erpenbeck,* 532 F.3d 423, 440 (6th Cir. 2008) (upholding district court's imposition of upward departure under 5K2.5 for bank fraud defendant where defendant's conduct caused devastating effects on property of several hundred unsuspecting homeowners).

## II. The Court Should Impose a Within-Guideline Sentence Under § 3553(a)

A within-guideline sentence of 5 months' in custody followed by a term of supervised release with a condition requiring 5 months of home detention – is sufficient but not greater than necessary to serve the purposes of sentencing set forth in § 3553(a). *See* 5C1.1 n.5(B); 18 U.S.C. § 3553(a).

### A. Legal Standard

After calculating the applicable advisory Guidelines range, sentencing courts are required to consider all of the factors listed in 18 U.S.C. § 3553(a) in imposing sentence. *See United States v. Booker*, 543 U.S. 220 (2005). The primary directive of § 3553(a) is that the sentencing court must impose a sentence that is "sufficient, *but not greater than necessary*, to comply with" the purposes of sentencing. 18 U.S.C. § 3553(a) (emphasis added). Those purposes include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

5

- to create adequate deterrence;
- to protect the public from future crimes of the defendant; and
- to provide the defendant with necessary treatment and training.

Section § 3553(a) directs sentencing courts to consider a number of additional factors as well, including:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6);
- the need to provide restitution to any victims of the offense, § 3553(a) (7).

As *Booker* stressed, under the Sentencing Reform Act, "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *Id.* at 250-51 (quoting 18 U.S.C. § 3661). Sentencing courts are therefore required to consider a number of factors that the Guidelines formerly discouraged, rejected, or refused to consider.

  **B.** **Nature and Circumstances of the Offense**

This is a serious offense and the defendant has no intention of arguing otherwise – he was wrong, accepts full responsibility, and is genuinely remorseful for his actions. The defendant's actions since the inception of this case demonstrate his continued acceptance of responsibility and his sincere regret for his participation in the offense.

  **C.** **History and Characteristics of the Defendant and Deterrence**

The defendant is a good, hard-working man who made an extremely poor choice and regretfully participated in a serious criminal offense. He knows his conduct was wrong and he is ashamed of what he has done. But a look at his life prior to and since his conduct on January 6, 2021, demonstrates that his decision to participate in this offence was an aberration – a single lapse

in judgment that will never be repeated.

Prior to the instant case, the defendant had no material criminal history - the defendant was convicted of driving on a suspended license in October 2000 – nearly 23 years ago, and battery in March 1998 – over 25 years ago.  Since his arrest in this case, the defendant has been out on bond and has had no issues with law enforcement and no violations of the conditions of his release.  He has complied with all requirements and restrictions imposed by the Court and pretrial services.

Prior to the instant offence, the defendant was a law-abiding, productive member of society. He values hard-work and a has a demonstrable work ethic.  The defendant has spent his entire adult life working as an HVAC technician and has been consistently employed.  As set forth in the PSR, the defendant's employers describe him as "a good employee, who was reliable, hardworking, and maintained good attendance."  PSR at 86.  Following his arrest in the instant case, he was fired from his job and immediately found a new job with Besco Air Heating and Cooling - another HVAC company.  To date, the defendant remains employed at Besco Air Heating and Cooling and has been honest and upfront with his employer about his conviction in this case.

There is much more to the defendant than his participation in this criminal offense; he is a loving son, brother, and dad.  The defendant is family-oriented and maintains a close relationship with his mother and siblings.  The defendant also has two sons – ages 10 and 16, with whom he is extremely close.  The defendant has joint custody of his sons – they stay with their dad every other weekend and every Wednesday.  The defendant also provides child support to his sons' mom. Sentencing the defendant to a lengthy period of incarceration will prevent him from being able to share in the responsibility of raising his sons and will likely result in him losing his job and being unable to provide child support to their mom.

Moreover, the defendant has never served a term of incarceration – therefore, a term of 5 months' incarceration followed by 5 months of home detention will be extremely impactful and

7

will serve as adequate retribution and deterrence.

There is no question that the defendant was wrong. He knows that. He accepts responsibility for his actions and is ready to face the consequences. But the offense conduct does not define him. He respectfully requests that when fashioning a sentence that is sufficient but not greater than necessary, the Court consider more than just the offense conduct and look at the man he is outside of this case – a hard worker, a father, a son, and a productive member of society.

### III. Conclusion

For the reasons set forth above, the defendant respectfully asks the Court to sentence him to a within-Guidelines sentence of 5 months' in prison and a term of 5 months' supervised release with a condition of home detention – a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing. *See* 5C1.1 n.5(B); 18 U.S.C. § 3553(a).

.

    Respectfully submitted,

    s/ Lawrence Wolf Levin
    Attorney for Kevin James Lyons