Leave to file granted April 18, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff-Respondent | : |
| vs. | : |
| KEVIN LYONS, | : |
| Defendant-Movant | : |

Case No. 1:21-cr-00079-BAH-1

**MOTION OF KEVIN LYONS PURSUANT TO 28 U.S.C. §2255 TO VACATE CONVICTON, SET ASIDE CONVICTION, OR CORRECT SENTENCE FINALLY IMPOSED BY THIS HONORABLE COURT AND REQUEST FOR NEW COUNSEL**

Now comes Defendant-Movant Kevin Lyons and respectfully moves this honorable Court to vacate or set aside the conviction handed down by this Court on July 14, 2023. Movant requests a Rule 33 (b) motion for an evidentiary hearing on this matter, and to be represented by new counsel moving forward. Movant was represented at trial by counsel whom he later determined to be ineffective. Alternatively, Movant requests this Court allow a Notice of Appeal to be filed outside the timelines, given the failure of his counsel to file such a notice and

1



recognizing the extraordinary circumstances of the intervention of the United States Supreme Court in this matter, detailed herein.

## Background

Movant was convicted by this Court at trial on July 14, 2023 of one felony count of 18 U.S.C. §1512 (c) (2) and five misdemeanors. (*United States v Lyons*, Case 1:21-cr-00079-BAH Doc. 94 Filed 07/14/2023 Page 2 of 9). Movant filed a Motion to Dismiss the §1512 charge as part of the pre-trial arguments in his case. (see *USA v Lyons* Minute order 64, Motion to Dismiss Count Six, entered December 5, 2022). That motion was denied by this honorable Court on April 4, 2023 (*Id* at Minute Order 71).

Once Judge Howell denied the motion, Movant's entire defense strategy shifted to his continued challenge to the applicability of §1512 to his conduct in the Court of Appeals and beyond. Indeed, Movant rejected a plea offer from the government and agreed to a stipulated trail to both preserve his appeal rights and expedite the process. Movant apologized for his role in the alleged facts of the case, and did not raise any objections to the particular issues presented to the Court on the day of his sentencing, which did not include any discussion of the applicability of §1512. Movant continued to discuss the strategy with counsel for challenging that statute after trial. (see Case No. 1:21-cr-00079-BAH-1 Affidavit of Kevin Lyons).

Despite repeated discussions regarding Movant's desire to challenge §1512 beyond the District Court level, Movant's counsel failed to file a Notice of Appeal with this Court. Movant brings this Motion because of that manifest failure, as he would otherwise have already filed an appeal in this case. Further, Movant requests new counsel be appointed to handle his case moving forward. As an alternate remedy, Movant requests leave to file a Notice of Appeal with this Court, outside the timelines. Several key developments in Movant's case, as well as the interest of justice generally, warrant appropriate appellate review.

## **Movant is Entitled to Relief From This Court Due to Ineffective Assistance of Counsel**

Under *Strickland v Washington*, 466 U.S. 688 (1984), a person has a constitutional right under the Sixth Amendment to effective assistance of counsel that is violated when trial counsel performs deficiently. In this case, Movant based his entire defense on his interpretation of 18 U.S.C. § 1512 (C), conceding that while he may have committed misdemeanor offenses on January 6, 2021, he could not be held responsible under the law for a violation of §1512 since his conduct on that day did not meet any criteria ever established for that offense. This position was taken by many January 6th defendants charged with a violation of that statute. Subsequently, the United States Supreme Court granted a writ of certiorari in *Fisher v United States*, No. 23-5572, filed September 11, 2023. That case raised the issue

regarding the applicability of §1512 to substantially similar conduct and criminal charges as Movant. Several defendants challenging §1512 have now been released pending the SCOTUS decision in *Fisher*. Movant would be entitled to similar consideration had counsel followed through on the clearly understood plan and filed a timely Notice of Appeal.

*Roe vs Flores-Ortega* 740, 145 L. Ed 2d 985 (2000) established that "a habeas corpus petition needed to show only that counsel's failure to file a notice of appeal was without petitioner's consent." Per that holding, Movant is only required to demonstrate that "a) a rational defendant would have wanted an appeal, or b) a particular defendant reasonably demonstrated to counsel that he was interested in appeal." Further, "the defendant was required to demonstrate that there was a reasonable probability that but for counsel's deficient failure to consult with him about an appeal, defendant would have timely appealed." Here, Movant's actions, words, and intentions leave no room for doubt that he believed an appeal was being pursued and, in fact, he had been assured by counsel that his rights to continue his challenge to §1512 had been preserved.

Twice during the stipulated trial, Judge Howell asked Movant if he was aware of his appeal rights, including this exchange from the Trial Transcript:

"The Court: 'This means that you are not giving up any of your rights to appeal the adverse ruling this court has reached denying your pretrial motion to dismiss the obstruction of an official proceeding charge in Count 6, which is docketed April 4th, 2023'

The Defendant: 'Yes, Your Honor.'

The Court: 'And if you are found guilty here today, you will have a right to appeal. And if you cannot afford a lawyer, a lawyer will be assigned to represent you. Do you understand?'

The Defendant: 'I understand.'

The Court: 'Has anyone promised you what will happen on any appeal in your case?'

The Defendant: 'No, your honor.'" (*Id* at page 23)

Movant also rejected the Government's plea offer, which, again, is noted in the trial transcript.

"The Court: 'And let me just ask the government, has the government extended any plea offers to the defendant – I guess, I understand that there was a plea offer extended on October 11, 2022 and Mr. Lyons rejected that plea offer.

Could the government explain what the terms of that plea offer that was rejected was?'

Mr. McCauley: 'Yes, Your Honor.'

The Court: 'And, first, was that the most lenient plea offer made in this case?'

Mr. McCauley: 'Yes, Your Honor, it was. The plea offer that was extended in 2022 was an offer – was a plea offer to 1512 (C) (2), that was the sole charge that was extended in the offer and it was the most lenient offer.'

The Court: 'And, Mr. Levin, did you communicate that plea offer to Mr. Lyons?'

Mr. Levin: 'Yes, Your Honor, I did.'

The Court: 'And, Mr. Lyons, is that correct.'

The Defendant: 'Yes, Your Honor.'"

(*Id* at Page 10).

Further, Movant also agreed to a stipulated trial, at which he agreed not to contest the facts of the case as alleged by the government. (*Id* at Page 10) It defies logic that Movant, or any defendant for that matter, after having been advised repeatedly by the Court of his right to appeal and having discussed his appeal strategy several times with counsel, would choose to waive his right to a jury trial,

reject a plea offer that would likely have resulted in a lesser term of imprisonment, and stipulate to the facts of the case as alleged by the government if his plan were to do anything other than appeal the adverse ruling from the District Court on the applicability of the statute he challenged in a pretrial motion in the first place.

## Conclusion

Movant continued to engage in conversations with his counsel regarding the process for appealing the verdict in his case. Those conversations were recorded by the United States Bureau of Prisons and are a matter of public record. Counsel never advised Movant that his appeal rights had been waived, and instead stated otherwise. Pursuing an appeal was the clear strategy discussed and intentionally engaged in by Movant and his counsel, but that strategy is now hindered by counsel's deficiency.

Establishing the failure of counsel to file a timely notice of appeal, despite the clear intentions of Movant, meets the standard set by the United States Supreme Court in *Flores-Ortega* for relief in this matter. That failure establishes de facto ineffective assistance and should persuade this Court to allow Movant to pursue his challenge to the applicability of §1512. In the meantime, Movant respectfully requests a Rule 33(b) Motion for Evidentiary Hearing and for new counsel to be appointed to handle pertinent issues before this court as well as any subsequent actions with regard to this case moving forward.

Should this Court indicate that it will accept a Notice of Appeal filed outside the timelines, Movant will endeavor with his new counsel to file that Notice forthwith. He can then file the subsequent Appeal, assuming *Fisher* is decided in a manner favorable to his case, as he would still be able to do so within the one-year time limitation for a Direct Appeal. Should the Court opt not to do so, Movant could be stuck in a situation where the statute he was convicted of violating was ruled inapplicable to his conduct by the United States Supreme Court, yet he would still be required to serve his sentence for it due only to the failure of his counsel to file a timely Notice of Appeal. Movant prays this Court to exercise its discretion and foreclose such an unjust result.

                                                          Respectfully Submitted


                                                          */s/ Kevin Lyons*
                                                          Kevin Lyons
                                                          Movant Filing Pro Se

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion has been produced in 14-point Times New Roman font and consists of 1160 words. It therefore complies with the Local Rules for a motion.

*Kevin Lyons*
Kevin Lyons
Movant Filing Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that I sent this motion to the Clerk of the United States District Court for the District of Columbia via the United States Postal Service on April 3, 2024, and request written receipt be returned to Appellant.

*Kevin Lyons*
Kevin Lyons
Movant Filing Pro Se
Milan Correctional Institution
P.O. Box 1000
Milan, Michigan 48160-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| **Plaintiff-Respondent** : | |
| vs. : | Case No. 1:21-cr-00079-BAH-1 |
| **KEVIN LYONS,** : | |
| **Defendant-Movant** : | |

## AFFIDAVIT OF KEVIN LYONS

I, Kevin Lyons, being of sound mind, do hereby make this affidavit on my own personal knowledge of facts stated herein under penalty of perjury and pursuant to Title 18 U.S.C. § 1746.

I am over eighteen years of age, and I have personal knowledge of the facts stated herein and could competently testify thereto if called upon to do so.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and accurate.

1

## Statement

Multiple times in the 2 ½ years between my arrest and trial, Mr. Levin and I spoke about how Mr. Fisher's case was moving through the Court system. I believed that there was a likelihood that courts would determine 18 U.S.C. § 1512 (c) was inapplicable to our conduct and thus was not an appropriate charge in our cases. I was led to believe by Mr. Levin that he felt the same way and he advised me that §1512 had been misapplied. That belief, and Mr. Levin's counsel to that effect, was the sole reason I rejected the government's plea offer. Mr. Levin explained to me that by accepting the offer, I would waive my appeal rights, and I advised him I would rather go to trial than give up that right.

Mr. Levin filed a Motion to Dismiss the §1512 charge on my behalf with the District Court and that motion was denied. After that, there was no doubt in my mind I would be convicted at trial, so, upon the advice of Mr. Levin, I agreed to a stipulated trial, in order to preserve my appeal rights and raise the §1512 issue again after trial. Prior to my stipulated trial, Mr. Levin informed me I would need different counsel to handle my appeal, which I told him was fine. However, after the trial was over, Mr. Levin told me he would remain on the case and handle filing the appeal for me. I remember speaking with him outside the courthouse after my conviction so that I could clarify what had been said in the courtroom that day. We agreed that an appeal would be filed on the §1512 issue and we remained confident that it would ultimately

be resolved in my favor. Mr. Levin routinely compared his handling of my case to my career as an HVAC technician. When I asked him after my trial if I needed to find new counsel for my appeal, he made the comment that I wouldn't want another technician coming in and finishing a job that I had started. Obviously, I knew this meant that Mr. Levin intended to stay on the case and file my appeal. We briefly discussed the timelines for filing appeal and he told me I would likely have to start my prison sentence before the appeal could be filed and heard.

I self-surrendered to the Milan Correctional Institution in Milan, Michigan on August 29, 2023 and periodically checked in with Mr. Levin. Although inmates are allowed access to unsupervised legal phone calls, I routinely called Mr. Levin utilizing the regular inmate phone system. Fortunately, those phone calls are recorded, archived, and are a matter of public record. In one phone call in January of 2024, Mr. Levin assured me he was still watching my case, that my file was on his desk, and that he was part of an online forum of other January 6th attorneys so he was staying apprised of new information. At that time I was under the impression Mr. Levin had done everything necessary to facilitate my appeal and I anticipated our next steps. After I learned in February, 2024 that the United States Supreme Court had granted cert in the Fisher case, I called Mr. Levin again to discuss our next steps. He informed me in that recorded inmate call that he had not filed a notice of appeal in my case, but told me we had preserved my appeal rights as part of the

stipulations of my trial. This revelation concerned me, so I ordered the transcripts of my case and spoke with another attorney who assured me that Mr. Levin had failed to preserve my appeal rights despite my specific instructions to him to do so. For this reason alone, I decided to file a 2255 action against Mr. Levin for ineffective assistance of counsel."

Further Affiant Sayeth Naught

_____
Kevin Lyons, Defendant-Movant

Subscribed and sworn to before me this

__3__ day of __April__, 2024.

_____
Notary Public

BRIAN LENNEN
Notary Public - State of Michigan
County of Wayne
My Commission Expires Mar 7, 2030
Acting in the County of WASHTENAW

4