Leave to file granted April 18, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :

     Plaintiff-Respondent          :

vs.                                :
                                Case No. 1:21-cr-00079-BAH-1
KEVIN LYONS,                       :

     Defendant-Movant          :

---

## MOTION OF DEFENDANT-MOVANT FOR RELEASE UNDER 18 U.S.C. §3143 (b) PENDING APPEAL

---

Now comes Defendant-Movant Kevin Lyons (Movant), pro se, and respectfully asks for an order of release, pursuant to 18 U.S.C. §3143 (b) pending outcome of a motion pursuant to U.S.C. §2255 challenging a judgment of conviction for obstruction of an official proceeding, a violation of 18 USC §1512 (c) (2) and subsequent term of imprisonment totaling 51months. The motion, detailed herein, is filed in good faith, is not filed for the purposes of delay, and raises a substantial issue of law or fact likely to result in remand for a judgment of acquittal and a substantial reduction in sentence. Further, both clear and convincing evidence as well as the

1

previous determinations of this court demonstrate Movant is neither a flight risk nor poses any danger to any other person or the community in general if released.

## Background

On July 14 2023, this District Court imposed a sentence of 51 months imprisonment, and a period of 36 months supervised release following Movant's conviction for obstruction of an official proceeding under 18 U.S.C. §1512 (c) (2), a felony, and 5 misdemeanors. Movant filed Motion to Dismiss Count 6 of the Indictment - the count relating to §1512 - based on applicability of that statute to Movant's conduct, see Minute Entry 6, 12/02/2022 *United States v Lyons* Case No. 1:21-cr-00079-BAH-1, and that Motion was denied by Judge Howell. *Id* at Minute Order 71. That issue is now before the United States Supreme Court.

## A Sufficient Question of Law Has Been Established

To obtain release during the appeal of conviction, Movant must first convince this court that "the appeal presents a close question of law that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or new trial will occur if the question is decided in (defendant's) favor," *United States v Pollard*, 778 f2d 1177, 1182 (6th Cir. 1985) see also *United States v Perholtz*, 836 F.2d 554, 555, (D.C. Cir. 1987) "substantial question of law" for purposes of 3143 (b) means a "close question or one that very

well could be decided the other way." Recent events demonstrate Movant easily meets this standard.

The United States Supreme Court has granted a writ of certiorari in *Fisher v United States*, No. 23-5572, filed September 11, 2023. Indeed, this very Court has held that "At the same time, *Fisher* produced three separate decisions, including a dissent, and such fractured appellate decision-making strongly suggests a "close question" that is far from frivolous," and granted his motion for release pending appeal with substantially similar convicted conduct as Movant. (*United States v Bledsoe* No 21-cr-80 (D.D.C. Feb 4, 2021)). Other Judges in this Circuit have taken the position that the writ by itself established that a close question of law exists for 3143 (b) purposes.  Memorandum Opinion, *United States v Sheppard*, Case No 1:21-CR-00203 (JDB) (D.D.C. Jan 10, 2024) at 3 ("To be sure, as the government argues, the Supreme Court's decision to grant certiorari in Fisher does not mean Defendant's conviction will be vacated. However, it takes four justices to grant certiorari and, although this court will not attempt to read the tea leaves, the Supreme Court's decision to review *Fisher* means, at a minimum, that this case poses a 'close question'." (internal citations omitted). As a result, multiple January 6th defendants appealing their convictions under §1512 (c) (2) have been granted release pending appeal. see Minute Order (12/21/2023), *United States v Clark*, Case No. 21-cr-538 (DLF) (finding that defendant's appeal raises several 'close' questions, including

3

whether 18 U.S.C. 1512 (c) reaches conduct that does not involve the destruction of documents, records, objects, or other evidence.") See also: *United States v. Anthony Williams*. At issue in these cases is the application of §1512(c) (2) to defendants sentenced to prison for non-violent conduct during the events at the United States Capitol on January 6, 2021, the very issue Movant brought before this court prior to trial.

A determination by the United States Supreme Court that §1512 (c) (2) is not applicable to the allegations made against a January 6th defendant engaged in substantially similar conduct on the same day in the same place as Movant would warrant a review of the instant case. Based on this court's sentencing decision, if the application of §1512 is struck down by the United States Supreme Court, the 51-month sentence of imposed on Movant would not be commensurate with the sentences for the misdemeanors alone. (*United States v Lyons* Doc 94 7/14/2023 Page 3 of 9). This Court rejected the notion raised by prosecutors in *Bledsoe* that defendants could be resentenced to longer terms based on their misdemeanor convictions, stating, "While possible, imposing consecutive sentences on the four misdemeanors would be a departure from both default practice under federal law (18 U.S. Code § 3584(a) (Multiple terms of imprisonment at the same time run concurrently unless the statute mandates that the terms to run consecutively.").)." The very same issues would apply here.

4

The District Court in *Sheppard* ordered the defendant released forthwith, despite having 7 months to serve on his misdemeanor convictions. Movant has already served 7 months of the current sentence and would be entitled, at the very least, to a new sentencing hearing. As such, a Supreme Court ruling against the government in *Fisher*, would result, at the very least, in a significantly different disposition of Movant's case.

## Movant is Neither a Flight Risk nor a Threat to the Community

Aside from establishing a substantial question of law, Movant must also demonstrate by clear and convincing evidence that no risk of flight or danger to the community exists that would preclude this court from ordering release from prison pending appeal. See 18 U.S.C. 3143(b)(1)(A). This court ordered Movant released on his own recognizance pending trial and sentencing, and even denied the government's request for remand at the conclusion of the July 14, 2023 sentencing hearing. See Minute Order 7/14/23 *United States v Lyons* Case No. 1:21-cr-00079-BAH-1. Movant attended trial as well as his sentencing hearing with full knowledge that the district court would impose a prison sentence. Movant does not even have a passport. The record of perfect attendance and the faith this court has previously shown in Movant clearly and convincingly demonstrate that there is no flight risk. Further, the pretrial service report and the presentence investigation contain an

abundance of information regarding Movant's background and character. Movant is a gainfully employed father of two boys, with no prior criminal history and does not pose a danger to anyone in the event of a release pending appeal.

For the foregoing reasons, Movant asks the court to grant this motion.

Kevin Lyons
Movant Filing Pro Se