UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No.: 21-CR-79 (BAH) |
| KEVIN JAMES LYONS, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion for release pending appeal and supplemental motions. ECF 100, 108, and 110. The defendant's case is final with no open appeal. The defendant claims that, but for ineffective assistance of counsel, he would have an appeal pending and the Court should treat his case accordingly and that, based on this hypothetical appeal, that he meets the criteria under 18 U.S.C. § 3143(b)(1) for release. The defendant's arguments are without merit and this court should deny his motion for release at this time.

**I.      Relevant Procedural Background**

On June 9, 2021, the grand jury returned an indictment against the defendant for his actions at the United States Capitol on January 6, 2021. This indictment charged the defendant with one count each for violations of 18 U.S.C. §§ 1752(a)(1) and (a)(2), 40 U.S.C. § 5104(e)(2)(C), (e)(2)(D), and (e)(2)(G), and 18 U.S.C § 1512(c)(2). On April 7, 2023, following a stipulated bench trial, this Court convicted the defendant of all counts on the superseding indictment. On July 14, 2023, this Court sentenced the defendant to twelve months of incarceration each on Counts One and Two, fifty-one months of incarceration on Count Six, and six months of incarceration each on Counts Three, Four, and Five, with all counts to be served concurrently. The defendant did not file

1

a notice of appeal. The defendant surrendered himself to the Bureau of Prisons on August 29, 2023, and is presently incarcerated at FCI Milan in Michigan.[1]

On April 18, 2024, the defendant filed the instant *pro se* motion to vacate his conviction under 28 U.S.C. § 2255 based on his prior attorney's alleged failure to file a notice of appeal. ECF 98. As part of that motion, the defendant requested that he be released pending appeal under 18 U.S.C. 3143(b). ECF 100. On July 12, 2024, the defendant's newly appointed attorney filed a supplemental motion to vacate his conviction. ECF 108. On July 25, 2024, one day before the government's response was due, the defendant's new attorney filed another supplemental motion for release pending appeal. *See* ECF 110. The government now opposes.

## II.    The Defendant's Motion for Release Pending Appeal Should Be Denied

Under 18 U.S.C. § 3143(b)(1)(A), a defendant may be released pending appeal if he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the community. The defendant must further show that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to results in (1) reversal, (2) an order for a new trial, (3) a sentence that does not include a term of imprisonment, and (4) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal. 18 U.S.C. § 3143(b)(1)(B). However, 18 U.S.C. § 3143 does not apply to proceedings pursuant to 28 U.S.C. § 2255. *See United States v. Stottlemyer*, 321-cr-332 (TJK), 2024 WL 1076852 at *3 (D.D.C. Mar. 8, 2024) (Kelly, J) (*citing Meskel v. United States*, 4-cr-53 (RMU), 2005 WL 19303375 at *1 n.1 (D.D.C. July 13, 2005); *United States v. Lorenzana-Cordon*, 3-cr-331 (CKK), 2022 WL 17039192, at *1 (D.D.C. November 17, 2022)).

---

[1] The defendant did not serve any time in pretrial detention.

2

To prevail on a motion for bail pending a motion under 28 U.S.C. § 2255, the defendant must show not only that "the § 2255 petition is based on a substantial claim of law" but also that "the motion for bail is based on exceptional circumstances deserving of special treatment. *See Stottlemyer*, 2024 WL 1076852 at *3; *Meskel*, 2005 WL 19303375, at *2; *see also United States v. Young*, 249 F. Supp. 3d 11, 13-14 (D.D.C. 2015) (*quoting United States v. Taylor*, 254 F.3d 1080, 1080 (5th Cir. 2001) ("Release pending disposition of a 28 U.S.C. § 2255 motion will be granted only when the petitioner has raised a substantial constitutional claim upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.")). Very few defendants should be released under this analysis. *See Bruce v. United States*, 256 F. Supp. 28, 29 (D.D.C 1966) (court has inherent authority to admit § 2255 defendant to bail, but it should only be exercised when "exceptional circumstances" have been shown); *United States v. Kelly*, 790 F.2d 130, 129 (D.C. Cir 1986) (A release request in such proceedings will, however, 'ordinarily […] be measured against a heightened standard requiring a showing of exceptional circumstances.'" (*quoting Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969))); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (granting bail pending resolution of a § 2255 proceeding is to be exercised very sparingly). Here, at least as it currently stands, the defendant is unable to meet the demanding standard required for collateral attacks.

First, the defendant cannot make the substantial question of law showing. The defendant appears to argue that *Fischer v. United States*, 603 U.S. __, 144 S.Ct. 2176 (2024) and *United States v. Brock*, 94 F.4th 39, 51 (D.C. Cir. 2024), serve as his substantial question. ECF 98 at 2; *see also* ECF 108 at 7-9. In a subsequent filing, he added an additional ground for § 2255 relief based on *United States v. Griffin*, No. 22-3942, which is presently pending before the Circuit. ECF

3

109. The government, for purposes of releases pending appeal, has generally assumed without conceding, that *Fischer* might pose a substantial of question of law. But for the purposes of this motion, however, *Fischer* and *Brock* are irrelevant because his motion for release is brought pursuant to the §2255 motion, which argues that defendant was denied effective assistance of counsel. Thus, the substantial question must relate to that ineffective assistance claim—*i.e.*, to the two prongs of the *Strickland v. Washington*, 466 U.S. 668 (1984), inquiry—as opposed to directly to the underlying *Fischer*, *Brock*, or *Griffin* claims that the Defendant might have raised in a direct appeal. The question the defendant's petition currently presents is whether the defendant's attorney was ineffective based on his failure to file a notice of appeal. In the context of § 3143(b)(1)(B), the D.C. Circuit has expressly concluded that a "substantial question" is more than just a "fairly debatable" one, a "fairly doubtful" one, or "one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Here, a "more demanding standard" controls: "a substantial question is a close question or one that very well could be decided the other way." *Id.* at 555-56; *accord Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (when requesting bail pending collateral review the defendant must show "a substantial federal constitutional claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts").

Here, the record makes clear that, at the conclusion of the proceedings, the defendant's prior counsel announced to the Court, in the defendant's presence, "Mr. Lyons has indicated to me that he does not wish to appeal anything relative to the Court in this particular matter, including sentence." Sent. Transcript, 7/14/2023 at 51:24-52:1. The defendant's claim that he did not comprehend that his attorney had just represented to the court that the defendant had changed his mind about pursuing an appeal both strains credulity considering that—in the defendant's own

4

words—preserving the appeal was his "entire defense strategy", ECF 108 at 13, and—in any event—is not a substantial question. He offers no authority establishing that his "trying to process the 51-month sentence he had just received after his attorney had requested a split sentence of ten months," *id.* at 11, obviates the need for him to inform his attorney or the court that he still wished to pursue an appeal especially when the record makes it abundantly clear that the defendant's attorney informed everyone present at the sentencing that the defendant no longer wished to pursue an appeal. The defendant's claim misconstrues what is required by counsel for effective assistance. Other Courts have refused to grant motions for bail based on similar underlying Section 2255 claims. *See Stottlemyer*, 2024 WL 1076852 (denying a defendant's motion for release pending appeal in a case connected to the January 6 attack on the Capitol when the relief was sought under 28 U.S.C. § 2255 based on the alleged failure of counsel to file a notice of appeal when appellate rights were specifically waived in a plea agreement); *see also United States v. Young*, 249 F. Supp. 3d 11, 13-14 (D.D.C. 2015) (finding the claim that appellate counsel was ineffective for failing to meet with the defendant in person, requiring him to communicate over email, and preventing him from presenting certain arguments was not a substantial question).

Second, even assuming that the defendant immediately prevailed on his Section 2255 motion, he would still remain incarcerated on his other offenses of conviction until August 28, 2024, because of his concurrent sentence to twelve months on Counts One and Two. In his earlier filings, the defendant never explicitly stated what his requested relief was, but it appears that he was arguing that his prior counsel's failure to file a notice of appeal "establishes *de facto* ineffective assistance and should persuade this Court to allow Movant to pursue his challenge to the applicability of §1512" through a collateral attack on his conviction on Count Six under Section 2255. ECF 98 at 7; *compare* ECF 108 at 13 (requesting that his conviction on Count Six be vacated

under 28 U.S.C. § 2255). The defendant did not state his precise requested relief until late on the evening of July 25, 2024, when, in another supplemental filing, he finally stated that he was "request[ing] that he be allowed to return to his family pending the resolution of his § 2255 motion." ECF 110 at 12. However, releasing the defendant at this time based on prior counsel's alleged failure to file a timely notice of appeal would be inappropriate as it does not call into question the original finding of guilt or the sentence imposed by the Court.[2] This is particularly pertinent in this case because the Court's sentence requires the defendant, if he were only to serve his sentence on the Class-A misdemeanors and not be re-sentenced on Count Six, to serve a term of incarceration at least through August 28, 2024. Releasing the defendant when he is not contesting his conviction on these counts is not appropriate even under the more lenient Section 3143(b)(1) standard. *See Aronson v. May*, 85 S. Ct. 3 (1964) (defendant was required to present "substantial" challenge to his conviction's validity when requesting bail during collateral review); 18 U.S.C. §3143(b)(1)(B) (requiring that the appeal be likely to result in reversal, an order for a

---

[2] There is currently a circuit split on the appropriate remedy for motions brought under 18 U.S.C. § 2255 where ineffective assistance of counsel was found because counsel failed to properly file a notice of appeal. *See Hayes v. United States*, 535 F. Supp. 3d 844, 854-856 (N.D. Iowa 2021) (noting that there is a circuit split between allowing a defendant to file a notice of appeal *nunc pro tunc* and vacating and reentering judgement so that the defendant has an opportunity to file an appeal for motions under § 2255 where counsel improperly failed to file a timely notice of appeal). In this district, courts follow the approach of vacating and resentencing. *See Dillane v. United States*, 350 F.2d 732, 833 (D.C. Cir 1965). Under either formulation of the remedy, however, the defendant should not receive a change of sentence as a default course. *See, e.g., United States v. Eli*, 379 F.3d 1016, 1018 n.3 (D.C. Cir. 2004) ("In light of its decision to grant [the defendant's] § 2255 motion with respect to counsel's failure to file an appeal, and in order to give [the defendant] an opportunity to appeal anew, on October 31, 2002, the district court resentenced [the defendant] to the same sentence he had received in 1998."); *United States v. Ramos*, 807 F. Supp.1 4-5 (D.D.C 1992) (vacating and entering a new judgment and the same sentence); *United States v. Boria*, 17-cr-142, 2024 WIL 81407, at *3 (S.D.N.Y. Jan. 8, 2024) (vacating and reentering judgement with an identical sentence so the defendant could appeal where the court found ineffective assistance of counsel); but see *Hayes*, 535 F. Supp. 3d at 855-856 (asking for briefing on whether sentencing should be *de novo*).

new trial, or a new lesser sentence). Similarly, the defendant does not show how his circumstances are exceptional warranting release. The nature of exceptional circumstances is that they apply in few cases. "Examples of 'extraordinary circumstances include serious deterioration of the petitioner's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a habeas petition.'" *United States v. Roberts*, 250 F.3d 744, 2001 WL 274751 at *1 (5th Cir. 2001) (*quoting Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)); *see also Meskel*, 2005 WL 1903375, at *2 (exceptional circumstances are typically limited to situations involving impending completion of short sentences or grave illness). None of those apply here. The only circumstance that the defendant even arguably comes close to satisfying is regarding the length of his sentence. But that still does not apply here because he must still serve an additional thirty-three days of incarceration on his sentence on Counts One and Two, as well as twelve months of supervised release on those same counts.[3]

Moreover, even assuming a successful § 2255 challenge on prior counsel's effectiveness, *and* assuming a successful challenge to the defendant's § 1512 application, there is no reason to doubt that a future resentencing would not result in more than twelve months' imprisonment too.

---

[3] *See Meskel*, 2005 WL 1903375 at *4-5 ("The petitioner alleges that the impeding completion of his sentence constitutes an exceptional circumstance because this court will be unable to reach a disposition of his § 2255 motion before he is released. The court, however, does not agree because, in analyzing a petitioner's circumstances, courts generally consider *both* the scheduled date of release and the total length of the prison sentence. […] Implicit in the petitioner's argument that he fulfills the exceptional circumstances requirement is the concern that completion of his prison sentence will render his § 2255 motion moot, either because he is no longer in custody for purposes § 2255 or because § 2255 relief will be ineffectual once he has been released from prison. But in the event that the court does not reach a determination of the petitioner's § 2255 motion prior to his release from prison, his petition for relief will not be moot because he his sentence includes two years of supervised release. *United States v. Ohiri,* 2005 WL 1332269 at *3 (10th Cir. June 7, 2005).")

At any resentencing, the Court would have the discretion to order the terms of imprisonment on the defendant's remaining counts to run consecutively (or partially consecutively), if necessary to effect an appropriate sentence under the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3584. While this Court has previously remarked that it may not be appropriate to exercise that discretion in certain cases, we submit that the Court may reach a different conclusion at resentencing with the benefit of full briefing by the parties. Indeed, in sentencing the defendant to 51 months' imprisonment originally, the Court fully considered all mitigating *and* aggravating circumstances of the defendant's conduct. These aggravated factors included the defendant's repeated glib references to the Nazi regime and the Holocaust during the riot, his implicit threats to the then-Speaker of the U.S. House of Representatives and other lawmakers, his theft of the personal property from both the Speaker Emerita and one of her staffers (the defendant personally filmed the latter of these acts), and his after the fact boasts to friends in which he posed for a photo with the stolen property and remarked that he was now a "pretty confident that [he was] now a multiple Federal felon." *See* ECF No. 89 at 3-11; July 2, 2023, Minute Order (indicating the Court's contemplation of an upward departure under U.S.S.G. § 5K2.5, which the Court did not ultimately apply in crafting its sentence).

Of course, this is not to say that upon a resentencing the government would not seek the same sentence or that the Court would impose a different sentence. This is simply to acknowledge that the defendant's request for release is premature. Based on the aggravating nature of his conduct, as presented throughout this case, the Court may still consider the entirety of his behavior under the law. *See, e.g., United States v. Alan Hostetter*, 21-cr-392-RCL, ECF 507, at *4-5 ("The Court may still consider Mr. Hostetter's serious conduct on January 6th, 2021 in its entirety, even if the court of appeals concludes that this conduct no longer constitutes a crime under 18 U.S.C. §

1512. To reduce his sentence from 135 months to 12 months would require this Court to take a drastically different view of Mr. Hostetter's conduct.").

The government continues to evaluate each case individually, in light of §2255 and *Fischer*. But in this case, the defendant's request is not ripe, and we respectfully request the Court deny release at this time.

          Respectfully submitted,
          MATTHEW M. GRAVES
          United States Attorney
          DC Bar No. 481052

By:   *s/ Sean P. McCauley*
       SEAN P. McCAULEY
       Assistant United States Attorney
       New York Bar No. 5600523
       United States Attorney's Office
       For the District of Columbia
       601 D. Street, NW
       Washington, DC 20530
       Sean.McCauley@usdoj.gov