IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 21-00079 (BAH) |
| | ) | |
| KEVIN JAMES LYONS | ) | |
| | ) | |
| Petitioner-Defendant | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION AND,
IN THE ALTERNATIVE, TO AMEND JUDGMENT**

Petitioner-Defendant Kevin James Lyons, through undersigned counsel, respectfully submits this Motion for Reconsideration and, in the Alternative, to Amend Judgment in light of the Court's January 23, 2025 Minute Order denying the government's motion to dismiss and dismissing *sua sponte* the remainder of Mr. Lyons' 28 U.S.C. § 2255 motion as moot. Amidst the flood of motions filed in response to the president's January 20, 2025 proclamation relating to January 6, 2021, there was no briefing on the issues raised in the Court's January 23, 2025 Minute Order. Because — prior to the president's proclamation — Mr. Lyons' misdemeanor convictions were subject to resentencing and thus were "open counts" in light of the Court's vacatur of Mr. Lyons' felony conviction under 18 U.S.C. §§ 1512(c)(2) and 2; and because — for future employment purposes, certain collateral consequences, etc. — having a pardoned conviction (which assumes the validity of the conviction) differs materially from having no conviction at all, Mr. Lyons respectfully moves for the following relief:

1) Reconsideration of the Court's denial of the government's January 21, 2025 motion to dismiss (ECF:133): After this Court vacated Mr. Lyons' § 1512 conviction on actual innocence grounds, the parties and Court agreed that (1) if the Court ultimately denied the remainder of Mr. Lyons' § 2255 motion on the merits (or if Mr. Lyons voluntarily withdrew the

remainder of his motion), Mr. Lyons would be subject to resentencing on the misdemeanor counts; and (2) in any event, the Court would need to issue an amended judgment to reflect the vacatur of the § 1512 count (Count 6s).[1]  There was thus no valid judgment as of the issuance of the president's proclamation.  Rather, the misdemeanor convictions were not final but were "open counts" pending, at the least, resentencing, and therefore subject to dismissal under Rule 48(a).  If the counts were not "open" before the Court, then the Court would have had no power to resentence Mr. Lyons on those counts.  In this regard, this case is similar to *United States v. Munchel*, No. 21-cr-118-1 (RCL), wherein the D.C. Circuit vacated the defendant's § 1512 conviction post-*Fischer* and remanded his case for "further proceedings."  At the time of the presidential proclamation, the case was awaiting resentencing on the remaining counts of Mr. Munchel's indictment.  On January 22, 2025, the government moved to dismiss the Munchel indictment, and Judge Lamberth granted the government's motion.[2]  Because here, as in *Munchel*, the Court has before it open counts pending sentencing, the defense respectfully requests that the Court grant the government's motion to dismiss this case as well.

2)     In the alternative, should the Court maintain its denial of the government's motion to dismiss, the defense respectfully requests reconsideration of the Court's *sua sponte* dismissal of the remainder of Mr. Lyons' § 2255 motion as moot "in light of the presidential pardon." Because — for future employment purposes, certain collateral consequences, etc. — having a pardoned conviction (which assumes the validity of the conviction) differs materially from

---

[1] Undersigned counsel does not have a transcript of the December 12, 2024 motion hearing and thus relies on memory as to the Court's position.  The government's position is set forth in its opposition to Mr. Lyons motion for release (ECF:113 at 8) and its most recent status report (ECF:131 at 1).

[2] *See also United States v. Eisenhart*, No. 21-cr-118-2 (RCL) (same, with resentencing held in part on January 16, 2025 and continued to a date to be determined).

having no conviction at all, Mr. Lyons respectfully submits that the § 2255 challenges to his § 1752 misdemeanor offenses were not mooted by the January 20th presidential pardon. If the Court were ultimately to find that Mr. Lyons was actually innocent of the § 1752 misdemeanor offenses, those convictions would be vacated and would not remain as offenses to be forgiven through pardon. Furthermore, because the convictions have monetary penalties attached (special assessments and restitution), a pardon alone, which does not erase monetary penalties, cannot moot Mr. Lyons' § 2255 motion. *See, e.g. United States v. Mejia*, No. 20-3086, 2022 WL 4280686 (D.C. Cir. Sept. 14, 2022) (citing cases).[3] The defense thus respectfully requests that the Court reinstate Mr. Lyons' § 2255 motion pending his further consultation with counsel.

3) Should the Court deny *both* of the above requests for reconsideration, Mr. Lyons respectfully requests that the Court issue an amended criminal judgment reflecting the pre-pardon vacatur of his §§ 1512(c)(2) and (2) conviction. As this Court's January 23, 2025 Minute Order recognizes, on December 12, 2024 — before the January 20th presidential proclamation cited in the government's motion to dismiss — this Court vacated Mr. Lyons' conviction under §§ 1512(c)(2) and (2) on actual innocence grounds and held his remaining § 2255 challenges to his § 1752 misdemeanor offenses in abeyance pending the D.C. Circuit's resolution of two

---

[3] On January 24, 2025, in *United States v. Alberts*, No. 23-3128, the D.C. Circuit vacated a January 6th judgment and remanded with instructions to dismiss the case as moot where the government agreed with the appellant that his judgment should be vacated, leaving no case or controversy. The fact that the appellant had been pardoned was not mentioned in the government's motion or in the Court's Order and played no role in the vacatur and dismissal for mootness —which left the appellant with no collateral consequences of a conviction. The Court cited *United States v. Schaffer*, 240 F.3d 35, 37-38 (D.C. Cir 2001), for the proposition that when a case becomes moot on appeal, the Court vacates the judgment and remands for dismissal. In *Schaffer*, the government's appeal was mooted by a pardon because there was no conviction at the time of the pardon (the government was appealing the grant of a new trial) and after the pardon, there could be no conviction. Here, should this Court decline to dismiss Mr. Lyons' misdemeanor counts pursuant to the government's motion, the collateral consequences of those convictions will not be relieved by his pardon, defeating any suggestion of mootness.

relevant appeals. The Court entered a Minute Order on December 12, 2024, indicating that "For Reasons Stated On The Record, The Court Will Vacate Count 6s" (Mr. Lyons' § 1512 conviction), but because of the pending misdemeanor challenges and the government's desire for a full resentencing hearing once those challenges were resolved, the Court did not have the chance — before the January 20th presidential proclamation — to amend the formal judgment in this case (ECF:94), which still lists 18 U.S.C. §§ 1512(c)(2) and (2) amongst Mr. Lyons' criminal convictions. Because Mr. Lyons' § 1512 conviction was the only felony with which he was charged, it is extremely important for Mr. Lyons to be able to clearly demonstrate — through an amended criminal judgment — that he does not have a felony conviction; i.e., that the § 1512 felony conviction was actually vacated as invalid/unlawful, not just excused via pardon.[4] Mr. Lyons thus respectfully requests that the Court issue an amended judgment, evidencing its pre-pardon vacatur of Mr. Lyons' § 1512 conviction.[5]

*   *   *

4) Though the defense has sought the government's position on this motion, the government has been unable to provide a substantive response, as it continues to await guidance from the Department of Justice on several proclamation/pardon-related issues. The government thus respectfully requests additional time to address the issues raised in Mr. Lyons' motion before the Court rules.

---

[4] On employment and credit applications, for example, pardoned defendants will have to indicate that they have in fact been convicted of a felony offense, but can explain that they have been pardoned. Mr. Lyons, however, should be able to respond that he was never validly convicted of a felony, and an amended judgment will clear up any confusion that the current judgment may create.

[5] The amended judgment should also address the special assessment attendant to the § 1512 conviction.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender

\_\_\_\_\_/s/_____
Rosanna M. Taormina
Assistant Federal Public Defender

Michelle Peterson
First Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500